No. 85,488

In the Matter of GARY J. BARNES, *Respondent.*

(13 P.3d 1283)

Opinion filed December 8, 2000.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause, and *Marty M. Snyder,* deputy disciplinary administrator, was with him on the formal complaint for the petitioner.

*John H. Fields,* of Kansas City, argued the cause for respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the Disciplinary Administrator's office against Gary J. Barnes of Kansas City, Kansas, an attorney admitted to the practice of law in Kansas.

A formal complaint was filed against respondent in two counts, alleging violations of KRPC 1.1 (1999 Kan. Ct. R. Annot. 284), 1.3 (1999 Kan. Ct. R. Annot. 294), 1.16(d) (1999 Kan. Ct. R. Annot. 352), 3.4(c) (1999 Kan. Ct. R. Annot 369), 8.4(d) and (g) (1999 Kan. Ct. R. Annot. 399), and Supreme Court Rules 208(a) and (c) (1999 Kan. Ct. R. Annot. 229) and 802 (1999 Kan. Ct. R. Annot. 532) in Count I and KRPC 1.4 (1999 Kan. Ct. R. Annot. 303), 1.16(d), 3.4(c), 8.4(d) and (g) and Supreme Court Rules 207 (1999 Kan. Ct. R. Annot. 223), 208(a) and (c), and 802 in Count II.

A formal hearing was held before a duly constituted and appointed panel of the Kansas Board for Discipline of Attorneys. The Disciplinary Administrator appeared by Stanton A. Hazlett and Marty Snyder, Deputy. The respondent appeared through counsel John H. Fields. Exhibits were admitted by stipulation and evidence was presented.

The hearing panel found the following by clear and convincing evidence:

## "FINDINGS OF FACT

"1. Gary J. Barnes, is an attorney at law, Kansas Attorney Registration No. 15098. His last registration address with the Clerk of the Appellate Courts of

Kansas is [in] Kansas City, Kansas 66101. The Respondent's last known address is [in] Las Vegas, Nevada . . . .

"2. *Williams vs. Williams.* In this case, the Respondent represented Timothy Williams in a divorce action in Wyandotte County, Kansas.

a. Karen L. Shelor represented Eva Williams in this case. Prior to trial, Ms. Shelor tried to contact the Respondent on several occasions in an attempt to resolve property issues. Ms. Shelor was unable to reach the Respondent.

b. The court scheduled the trial for July 31, 1997. On the day of trial, Ms. Shelor and her client appeared. However, neither the Respondent nor his client appeared. At the time of the hearing, the court attempted to contact the Respondent, but was unsuccessful. The divorce was granted and trial on the remaining issues was scheduled for October 15, 1997.

c. As a result of the Respondent's failure to appear at the scheduled hearing, Mr. Williams retained new counsel to represent him in the October 15, 1997, hearing.

"3. *State vs. Crane.* In this case, the Respondent represented Lisa Crane in a traffic case in Wyandotte County, Kansas.

a. The Respondent negotiated a plea agreement with the District Attorney's office. As a result of the plea agreement, Ms. Crane entered a guilty plea and the State agreed to recommend probation in lieu of jail time.

b. In accordance with the agreement, Ms. Crane entered a guilty plea. The Respondent told Ms. Crane that he would contact her and let her know when the sentencing hearing would be held. When she did not hear from the Respondent, Ms. Crane attempted on several occasions to contact him. She could only reach an answering machine that would not record her messages. The Respondent did not contact Ms. Crane prior to the sentencing date.

c. As a result, Ms. Crane failed to appear at sentencing and an arrest warrant was issued. Ms. Crane was arrested and held in jail overnight. The sentencing hearing was rescheduled for September 24, 1997. Ms. Crane appeared at that hearing, but the Respondent did not.

"4. In 1997, the Respondent decided to quit the practice of law and, accordingly, began to wind down his practice. While the Respondent indicated that he did not receive notice of the Williams and Crane hearings, he recognized that it is his responsibility to know about the hearings. The Respondent took full responsibility for failing to appear at Mr. Williams' divorce trial and at Ms. Crane's sentencing hearing."

## "CONCLUSIONS OF LAW

"Based upon the above findings of fact, the Hearing Panel makes the following conclusions of law:

"1. As detailed in Count I of the Formal Complaint, the Respondent violated Kansas Rule of Professional Conduct 1.3 [diligence]. This rule requires attorneys to act with reasonable diligence and promptness in representing a client. In his representation of Mr. Williams, the Respondent violated this rule by failing to

learn of the hearing date, by failing to advise his client of the hearing date, and by failing to provide opposing counsel with the entire proposed property settlement agreement. The Respondent's misconduct caused Mr. Williams to incur the costs of retaining new counsel.

"2. As detailed in Count II of the Formal Complaint, the Respondent violated Kansas Rule of Professional Conduct 1.4(a) [communication]. Rule 1.4(a) mandates attorneys to keep clients 'reasonably informed about the status of a matter.' With regard to Ms. Crane, the Respondent violated Rule 1.4(a) by failing to advise her of the sentencing hearing date. That failure resulted in the arrest and incarceration of Ms. Crane.

## "RECOMMENDATION

"In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Rule 3 of the Standards, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"*Duty Violated.* In this case, the Respondent owed his clients the duty of diligent representation and communication.

"*Mental State.* In this case, the Respondent engaged in negligent conduct.

"*Injury.* By breaching his duty of diligent representation and communication, the Respondent negligently caused his clients significant injury. As a direct result of the Respondent's misconduct, Mr. Williams incurred additional expenses in retaining new counsel. Ms. Crane was arrested and jailed.

"*Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel found the aggravating factors present in this case:

"Multiple Offenses. In this case, the Respondent engaged in similar conduct in two (2) separate cases.

"Vulnerability of Victim. In this case, Ms. Crane was a vulnerable victim. And, as a direct result of the Respondent's misconduct, Ms. Crane's vulnerability was realized when she was arrested for failing to appear at her sentencing hearing.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel found the following mitigating circumstances present in this case:

"Absence of Prior Disciplinary Record. During the Respondent's relatively short law career he has not been previously disciplined.

"Absence of Dishonest or Selfish Motive. The Respondent did not have a dishonest or selfish motive in this case.

"Present Attitude of Attorney. The Hearing Panel has reviewed each of the Respondents written responses. The first response, dated August 12, 1997, was

inappropriate and included accusatory language. *See* Disciplinary Administrator's Exhibit B, pages 7-9. In the Respondent's second response, dated August 14, 1997, the Respondent appropriately included a plan on how to resolve the issues that arose in winding down his practice. *See* Disciplinary Administrator's Exhibit B, pages 10-12. And, in the Respondent's final response, the Respondent expressed remorse and provided evidence of full restitution. *See* Respondent's Exhibit 5.

"In addition to the above factors, the Hearing Panel is guided by Rule 4.43 of the Standards. That standard provides:

"Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

"*Id.* In this case, the Respondent was negligent in representing Mr. Williams and Ms. Crane. And, that negligence caused injury.

"THEREUPON, the Hearing Panel unanimously recommends that Respondent be publicly censured."

The Respondent did not file exceptions to the Final Hearing Report, which is, pursuant to Rule 212(d) (1999 Kan. Ct. R. Annot. 239), deemed to be admitted.

The court, having considered the record and the report of the panel, accepts and concurs in the findings, conclusions, and recommendations of the hearing panel.

IT IS THEREFORE ORDERED THAT Gary J. Barnes be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 203(a)(3) (1999 Kan. Ct. R. Annot. 210) for his violations of the Kansas Rules of Professional Conduct.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.